```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DANA R. DODSON,

                    Plaintiff,           MEMORANDUM & ORDER
                                         14-CV-0116(JS)(AKT)
        -against-

BOARD OF EDUCATION OF THE VALLEY
STREAM UNION FREE SCHOOL DISTRICT
and THE VALLEY STREAM CENTRAL HIGH
SCHOOL DISTRICT,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Laura M. Dilimetin, Esq.
                    The Law Office of Steven A. Morelli
                    1461 Franklin Avenue
                    Garden City, NY 11530

For Defendants:     Caroline Beth Lineen, Esq.
                    Lewis R. Silverman, Esq.
                    Rutherford & Christie LLP
                    369 Lexington Avenue, 8th Floor
                    New York, NY 10017
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R"), issued on the record on March 14, 2014. The R&R recommends that the Court deny plaintiff Dana Dodson's ("Plaintiff") motion for a preliminary injunction. For the following reasons, the Court ADOPTS the R&R in its entirety.

BACKGROUND

Plaintiff brings this action against defendants the Board of Education of the Valley Stream Union Free School District

(the "Board") and the Valley Stream Central High School District (the "District" and together with the Board, "Defendants"), alleging violations of his due process rights pursuant to 42 U.S.C. § 1983 and for state law claims of fraudulent misrepresentation, defamation, and prima facie tort.

Plaintiff was employed by the District as a teacher beginning in 2001. (Compl. ¶ 1.) On June 13, 2012, the District issued thirty-three disciplinary charges against Plaintiff pursuant to New York Education Law § 3020-a for his alleged improper conduct towards a female student. (Compl. ¶ 5.) Plaintiff denied all wrongdoing and claimed that the student only complained to the District because Plaintiff refused to sign a slip of paper that would have excused the student from cutting another teacher's class. (Compl. ¶ 5.) On September 12, 2012, Plaintiff signed a stipulation that required him to resign and waive his right to a § 3020-a hearing. (Compl. ¶ 6.) Plaintiff alleges that he was induced into signing this stipulation based on Defendants' fraudulent misrepresentations and that he was deprived of due process when he waived his right to the § 3020-a hearing. (Compl. ¶ 6.)

After Plaintiff signed the stipulation, the New York State Board of Education ("Board of Education") commenced an administrative proceeding pursuant to 8 N.Y.C.R.R. Part 83 regarding Plaintiff's alleged improper conduct. (See Dilimetin

Decl., Docket Entry 16-2, ¶ 3.) On March 6, 2014, Plaintiff filed a motion a preliminary injunction to stay the Board of Education's administrative proceeding. (Docket Entry 16.) At the time of Plaintiff's motion, the administrative proceeding was scheduled to continue with a hearing on March 25, 2014. (Dilimetin Decl. ¶ 3.)

On March 7, 2014, the Undersigned referred Plaintiff's motion for a preliminary injunction to Judge Tomlinson for an R&R. (Docket Entry 17.) On March 14, 2014, at the conclusion of oral argument, Judge Tomlinson read her R&R into the record. Judge Tomlinson's R&R recommends that the Court deny Plaintiff's motion for a preliminary injunction on the ground that the abstention doctrine articulated in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) precludes the Court from staying the state administrative proceeding pending before the Board of Education.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of entry of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety. Accordingly, Plaintiff's motion for a preliminary injunction is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May __6__, 2014
        Central Islip, NY