UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DANA R. DODSON,

                        Plaintiff,

                                              MEMORANDUM & ORDER
            -against-                         14-CV-0116(JS)(AKT)

BOARD OF EDUCATION OF THE VALLEY
STREAM UNION FREE SCHOOL DISTRICT
and THE VALLEY STREAM CENTRAL HIGH
SCHOOL DISTRICT,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:        Laura M. Dilimetin, Esq.
                      The Law Office of Steven A. Morelli
                      1461 Franklin Ave.
                      Garden City, NY 11530

For Defendants:       Caroline Beth Lineen, Esq.
                      Rutherford & Christie LLP
                      369 Lexington Avenue, 8th Floor
                      New York, NY 10017

SEYBERT, District Judge:

        Plaintiff Dana R. Dodson ("Plaintiff") commenced this

action against defendants the Board of Education of the Valley

Stream Union Free School District (the "Valley Stream School

Board") and the Valley Stream Central High School District (the

"Valley Stream School District" and together with the Board,

"Defendants") following his resignation as a gym teacher for the

Valley Stream School District.  Plaintiff principally contends

that Defendants deprived him of his procedural and substantive due

process rights under the Fourteenth Amendment of the United States

Constitution because his resignation was coerced and a disciplinary hearing did not precede the resignation. The Complaint also asserts New York state law claims for fraudulent misrepresentation, defamation, and prima facie tort.

Defendants move to dismiss the entire Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for improper service of process pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). Defendants also move to dismiss the state law claims on the grounds that Plaintiff failed to serve a timely notice of claim as required by New York Education Law § 3813(1) and that certain claims are barred by the applicable statute of limitations. Plaintiff has filed a cross-motion for leave to file a late notice of claim. For the following reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART and Plaintiff's cross-motion is DENIED.

BACKGROUND[1]

I.   Factual Background

Plaintiff worked as teacher for the District from 2001 until his resignation on September 21, 2012. (Compl. ¶¶ 11, 33.) On June 13, 2012, the District issued thirty-three disciplinary charges against Plaintiff pursuant to New York Education Law

---

[1] The following facts are taken from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

§ 3020-a[2] for his alleged improper conduct towards a female high school student. (Compl. ¶ 19.) The District contended that Plaintiff acted improperly by hiring the student as his family's babysitter and by sending her inappropriate text messages. (Compl. ¶ 19.) Plaintiff denied all wrongdoing and claimed that the student only complained to the District about his text messages because he refused to sign a permission slip that would have excused the student from cutting another teacher's class. (Compl. ¶ 20.)

On September 21, 2012, Plaintiff entered into a "Stipulation of Settlement and General Release" resolving the disciplinary charges against him (the "Agreement"). (Compl. ¶ 33.) Under the terms of the Agreement, Plaintiff resigned from his position and waived his right to a disciplinary hearing guaranteed to tenured teachers under New York Education Law § 3020-a(2)(c).[3] (Compl. ¶¶ 23-24.) Among other things, the Agreement contains a general release clause and a general agreement not to sue

---

[2] Section 3020-a sets forth the disciplinary procedures for tenured teachers in the State of New York.

[3] Section 3020-a(2)(c) provides that the teacher "shall notify the clerk or secretary of the employing board in writing whether he or she desires a hearing on the charges" within ten days of receipt of the statement of charges. N.Y. EDUC. LAW § 3020-a(2)(c). The Court notes that the Complaint does not actually allege that Plaintiff was a tenured teacher. However, Defendants admit that Plaintiff was entitled to a hearing under § 3020-a(2)(c). (Defs.' Br., Docket Entry 12, at 4.) The Court therefore assumes that Plaintiff was tenured.

Defendants.[4] (See Sealed Silverman Decl., Docket Entry 25, Ex D ¶¶ 5, 7.[5])

Plaintiff claims that the Agreement is invalid because it is the product of fraudulent inducement and coercion. Plaintiff specifically alleges that "Defendants misled [him] into believing that: (1) he would be terminated if he did not sign the waiver; (2) he could go to jail if he did not sign the waiver; (3) he would be subject to additional disciplinary charges if he did not sign

---

[4] The Court may consider the terms of the Agreement because it is incorporated by reference in the Complaint. See TufAmerica, Inc. v. Orchard Enters., Inc., No. 11-CV-1816, 2011 WL 4946663, at *4 (S.D.N.Y. Oct. 14, 2011) ("Because the [agreement] is referenced repeatedly in the Complaint, it is incorporated by reference and I will consider it in deciding this motion to dismiss." (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153-53 n. 4 (2d Cir. 2002))).

[5] The Agreement contains a confidentiality provision. On February 19, 2014, in connection with the filing of their motion to dismiss, Defendants also requested to file the Agreement under seal, as well as the transcript of Plaintiff's 50-h testimony, so as not to violate the confidentiality provision of the Agreement. (Docket Entry 15.) The Court previously granted the request to file under seal but has now reviewed the Agreement in rendering its decision herein. It is well-settled that "[t]he public has a common law presumptive right of access to judicial documents and likely a constitutional one as well." Gambale v. Deutsche Bank AG, 377 F.3d 133, 140 (2d Cir. 2005). Moreover, the "presumptive right to public observation is at its apogee when asserted with respect to documents relating to matters that directly affect an adjudication." Id. Here, the Agreement directly relates to the adjudication of this matter and should not remain under seal absent compelling reasons. Accordingly, the Court will direct the Clerk of the Court to unseal the Agreement and the 50-h transcript unless either party presents compelling reasons for these documents remaining under seal within seven (7) days of the entry of this Memorandum and Order.

the waiver or if he revoked the waiver; and (4) that if he signed the waiver, he would retain his teaching license." (Compl. ¶ 34.) The Complaint does not explain how any of these alleged misrepresentations were false, nor does it identify the speaker or speakers, but it does allege that "Plaintiff has since been served with license revocation charges and now has a hearing Ordered [sic] for license revocation." (Compl. ¶ 36.)

The Complaint also contains allegations suggesting that Plaintiff signed the Agreement under duress and that he did not fully understand the terms of the Agreement. For example, Plaintiff alleges that Defendants made the misrepresentations listed above "all the while knowing that [Plaintiff] was suffering from [Diverticulitis] and was taking medication which impaired his judgment." (Compl. ¶ 34.) Plaintiff further alleges that "Defendants intentionally spread false rumors about him to school officials in other Districts to put further pressure on him, and to ensure that he could not obtain other employment." (Compl. ¶ 34.) Additionally, the Superintendent of the Valley Stream School District "told [Plaintiff] that he 'needed' to sign the waiver and that he did not want this to 'go public.'" (Compl. ¶ 25.) The Superintendent further "made false statements about Plaintiff" to teachers, staff, and others in and outside of the Valley Stream School District "in efforts [sic] to put pressure on Plaintiff to sign the waiver." (Compl. ¶ 27.) Defendants also

"expressed to Plaintiff that if he did not sign the waiver, the District would proffer new, additional charges" against him. (Compl. ¶ 29.)

Finally, Plaintiff claims that "an attorney from the Union advised [him] that he should walk away" and that his teaching license "would not be affected" if he signed the Release. (Compl. ¶ 22.) He alleges that the attorney "did not go over all of the terms of the agreement" and that he "works with the District on a continual basis." (Compl. ¶¶ 22-23.)

## II.  Procedural Background

On June 18, 2013, Plaintiff served Defendants with a notice of claim pursuant to New York Education Law § 3813(1). (Silverman Decl. Ex. B.) On December 9, 2013, Plaintiff commenced this action by filing a Summons and Complaint in New York State Supreme Court, Nassau County. Defendants subsequently removed the action to this Court. On February 14, 2014, Defendants moved to dismiss the Complaint. (Docket Entry 10.) On March 20, 2014, Plaintiff cross-moved for leave to file a late notice of claim. (Docket Entry 22.) These motions are currently pending before the Court.

## DISCUSSION

The Court will first address the applicable legal standards before turning to the merits of the parties' motions.

I.    Legal Standard

    In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

    The Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. See

Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

## II. Service of Process

As an initial matter, Defendants argue that the Complaint should be dismissed in its entirety for insufficient service of process. Defendants specifically claim that Plaintiff failed to properly serve them because he only forwarded a copy of the Summons and Complaint to the Valley Stream School District's general counsel, who was not authorized to accept service. (Defs.' Br., Docket Entry 12, at 18-19.) Plaintiff counters that he properly served Defendants by leaving the Summons and Complaint with Thomas Troisi and Mary Colgan, who, according to affidavits of service, were "willing to accept service for all parties." (Pl.'s Br., Docket Entry 21, at 25; Dilimentin Decl., Docket Entry 21-1, Exs. E & F.) Defendants do not address these affidavits on reply and they appear to withdraw the improper service defense because it is no longer as one of the grounds for dismissal in their reply papers. (See Silverman Supp. Decl., Docket Entry 24, ¶ 3.) Accordingly, the Court finds, based on the affidavits of service produced by Plaintiff and Defendants' apparent withdrawal of the defense, that Plaintiff properly served Defendants with the Summons and Complaint. Defendants' motion to dismiss the Complaint based on improper service is therefore DENIED.

III. Constitutional Claims

        Plaintiff claims that Defendants are liable under 42
U.S.C. § 1983 for violating his constitutional rights to procedural
and substantive due process when they coerced his resignation and
waiver of a disciplinary hearing under New York Education Law
§ 3020-a(2)(c).  (Compl. ¶ 46.)  Defendants argue that dismissal
of these constitutional claims is appropriate because: (1) the
waiver and release clauses in the Agreement bar Plaintiff from
suing Defendants for all claims based on conduct predating the
Agreement; and (2) Plaintiff has failed to adequately allege
municipal liability under § 1983 against the Valley Stream School
District.  As explained below, these are inadequate grounds for
dismissal of Plaintiff's due process claims.  However, the Court
sua sponte DISMISSES Plaintiff's procedural due process claim
because it is frivolous.

    A.    Waiver

        Defendants first argue that the Court should dismiss
Plaintiff's due process claims because he waived his right to
assert them when he signed the Agreement resolving the disciplinary
charges against him.  (Def.'s Br. at 7-14.)  Plaintiff does not
dispute that his constitutional claims fall within the scope of
the waiver and release clauses of the Agreement.  Rather, he argues
that his waiver was not effective because it was not knowing and
voluntary.  (Pl.'s Br. at 7-14.)  As discussed below, the Court

finds that it cannot, at this stage of the litigation, determine whether Plaintiff waived his constitutional claims.

"[C]onstitutional rights may be waived upon <u>clear and convincing evidence</u> that the waiver is knowing, voluntary, and intelligent."[6]  <u>Intermor v. Inc. Vill. of Malverne</u>, No. 03-CV-5164, 2007 WL 2288065, at *8 (E.D.N.Y. Aug. 8, 2007) (emphasis added) (citing <u>D.H. Overmyer Co. v. Frick Co.</u>, 405 U.S. 174, 185, 92 S. Ct. 775, 782, 31 L. Ed. 2d 124 (1972)); <u>see</u> <u>also</u> <u>Doe v. Marsh</u>, 105 F.3d 106, 111 (2d Cir. 1997).  However, "[w]aiver of federal remedial rights such as an action under 42 U.S.C. § 1983 will not be lightly inferred, and courts 'must indulge every reasonable presumption against waiver.'"  <u>Murray v. Town of N. Hempstead</u>, 853 F. Supp. 2d 247, 259 (E.D.N.Y. 2012) (quoting <u>Legal Aid Soc'y</u>, 114 F. Supp. 2d at 226-27 (S.D.N.Y. 2000)).

In determining whether a waiver of constitutional claims is knowing and voluntary, some courts in this Circuit have applied the six-factor, "totality of the circumstances" test enunciated by the Second Circuit in <u>Bormann v. AT&T Communications, Inc.</u>, 875 F.2d 399 (2d Cir. 1989), a case involving waiver of statutory

---

[6] To determine whether Plaintiff waived constitutional claims under § 1983, the Court looks to federal law, not New York state law, because "'the question of a waiver of a federally guaranteed constitutional right is, of course, a federal question controlled by federal law.'"  <u>Legal Aid Soc'y v. City of N.Y.</u>, 114 F. Supp. 2d 204, 226 (S.D.N.Y. 2000) (quoting <u>Brookhart v. Janis</u>, 384 U.S. 1, 4, 86 S. Ct. 1245, 1247, 16 L. Ed. 2d 314 (1966)).

claims under the Age Discrimination in Employment Act.  See, e.g., LaRue v. N.Y. City Off-Track Betting Corp., No. 03-CV-0783, 2004 WL 2793195, at *7-8 (S.D.N.Y. Dec. 6, 2004); Kwok v. N.Y. City Transit Auth., No. 99-CV-2281, 2001 WL 829876, at *5 (S.D.N.Y. July 23, 2001).  Other courts have simply scrutinized the circumstances surrounding the waiver without identifying any particular factors or test.  See, e.g., Murray, 853 F. Supp. 2d at 259-61; Intermor, 2007 WL 2288065, at *8-10.

No matter what the actual test, the Court cannot answer the question of whether Plaintiff waived his constitutional rights without analyzing the facts surrounding Plaintiff's execution of the Agreement, some of which are outside of the Complaint.  In arguing that the facts support a finding that Plaintiff waived his due process claims, Defendants urge the Court to consider the transcript of Plaintiff's Rule 50-h testimony, the transcript of the 3020-a hearing addressing the Agreement, and Plaintiff's text messages with the student.  (Defs.' Br. at 2 n.1.)  However, when deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court's "review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted).  Thus, the Court may not consider these documents without converting Defendants' motion to

dismiss into one for summary judgment, see Aguilera v. County of Nassau, 425 F. Supp. 2d 320, 322-23 (E.D.N.Y. 2006) (declining to consider plaintiff's 50-h testimony because the transcript was not attached to or incorporated by reference in the complaint), which, the Court declines to do here.

Plaintiff alleges that he was fraudulently induced into signing the Agreement. The Complaint also suggests that he did not fully understand the effects of the Agreement because he was on medication at the time. Additionally, the Complaint suggests that his union attorney advised him to enter into the Agreement because that attorney had loyalties to the Valley Stream School District. Defendants submit documents that present factual questions going to the weight of the evidence in support of Plaintiff's allegations. However, the resolution of a factual dispute, "in the absence of any discovery or evidentiary hearing, is not appropriate on a motion to dismiss." In re Bear Stearns Cos. Secs., Derivative, & ERISA Litig., 763 F. Supp. 2d 423, 502–03 (S.D.N.Y. 2011). This, coupled with the tenet that the waiver of constitutional rights may not be lightly inferred, favors denial of Defendants' motion to dismiss on waiver grounds. Accordingly, Defendants' motion to dismiss in this regard is DENIED.

B. Municipal Liability

Defendants next argue that Plaintiff's due process claims must be dismissed because Plaintiff has not adequately

alleged municipal liability. (Defs.' Br. at 14.) The Court disagrees.

> Section 1983 states in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. The Valley Stream School District is subject to liability under § 1983 pursuant to the doctrine of municipal liability set forth in the United States Supreme Court's decision in Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035-36, 56 L. Ed. 2d 611 (1978). See Lopez v. Bay Shore Union Free Sch. Dist., 668 F. Supp. 2d 406, 417 (E.D.N.Y. 2009).

Under Monell, "a municipality cannot be held liable solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Id. at 691 (emphasis in original). Rather, to state a § 1983 claim against a municipality, a plaintiff must plead that the unconstitutional acts of its employees are attributable to a municipal policy or custom. See id. at 694. To plead an official policy or custom, a complaint must allege the existence of, inter alia, "a formal policy which is officially endorsed by

the municipality" or "actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights." Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citing Monell, 436 U.S. at 690; Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84, 106 S. Ct. 1292, 1299-1300, 89 L. Ed. 2d 452 (1986)).

Here, the Complaint contains no factual allegations that the Valley Stream School District had a custom or policy of violating any of its teachers' rights, and the Complaint's "[c]onclusory allegations of municipal custom or policy will not suffice to satisfy the requirements of Monell." Jackson v. DeMarco, No. 10-CV-5477, 2011 WL 1099487, at *3 (E.D.N.Y. Mar. 21, 2011) (citing Solomon v. Nassau Cnty., 759 F. Supp. 2d 251, 263 (E.D.N.Y. 2011)). However, the Complaint does allege some involvement of the Valley Stream School District's Superintendent--namely, that he pressured Plaintiff into signing the Agreement. (Compl. ¶ 25.) These allegations are sufficient at this stage of the litigation to state a Monell claim against the Valley Stream School District. See Konits v. Valley Stream Cent. High Sch. Dist., No. 01-CV-6763, 2006 WL 224188, at *4 (E.D.N.Y. Jan. 28, 2006) ("[E]ven one decision by a school superintendent, if acting as a final policymaker, could render his or her decision district policy."); Luo v. Baldwin Union Free Sch. Dist., No. 12-CV-6054,

2013 WL 4719090, at *4 (E.D.N.Y. Sept. 3, 2013) ("The allegations in the Complaint here--namely, that the District, through its superintendent, demanded that Plaintiff cease all communications--are sufficient at this stage of the litigation to state a claim against the District."); see also Pembaur, 475 U.S. at 480 (finding that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances"). Moreover, the Complaint alleges that the Valley Stream School Board, also a defendant herein, was involved in coercing Plaintiff's resignation. These allegations are also sufficient to state a Monell claim against the Valley Stream School District because it is plausible that the school board maintains policy-making authority. Lopez, 668 F. Supp. 2d at 417 (holding that plaintiffs stated a plausible Monell claim against the school district based on alleged decisions of the school board because the board's "decisions are also plausibly imbued with policy-making power"). Accordingly, Defendants' motion to dismiss for failure to state a claim of municipal liability against the Valley Stream School District is DENIED to the extent Plaintiff has pleaded viable underlying constitutional violations.

The Court additionally notes, however, that the Complaint also purports to state a Monell claim against the Valley Stream School Board. Like school districts, school boards are also subject to § 1983 claims under Monell. See Talley v.

Brentwood Union Free Sch. Dist., No. 08-CV-0790, 2012 WL 3841396, at *7 (E.D.N.Y. Sept. 5, 2012); Huff v. W. Haven Bd. of Educ., 10 F. Supp. 2d 117, 121 (D. Conn. 1998). Defendants do not address whether Plaintiff has adequately alleged a custom or policy to hold the Valley Stream School Board liable under Monell. (See Defs.' Br. at 14.) Thus, even if Defendants had prevailed on their motion to dismiss as against the Valley Stream School District, such dismissal would not apply to Plaintiff's constitutional claims in their entirety because the Monell claim against the Valley Stream School Board still remains. See Luo, 2013 WL 4719090, at *4 ("[T]he Court cannot sua sponte dismiss a claim without giving Plaintiff notice and an opportunity to respond." (citing Wachtler v. Cnty. of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994))); Huff, 10 F. Supp. 2d at 121 (declining to address whether plaintiff had adequately alleged a custom or policy against the school board because the parties did not address the issue).

C.    Procedural Due Process

Defendants have not moved to dismiss Plaintiff's underlying due process claims. However, as explained below, Plaintiff's procedural due process claim is insufficient as a matter of law and is therefore sua sponte DISMISSED as frivolous.

The Fourteenth Amendment's Due Process Clause "guarantees procedural fairness when a state action deprives a citizen of a protected interest in life, liberty, or property."

16

Wiesner v. Rosenberger, No. 98-CV-1512, 1998 WL 695927, at *3 (S.D.N.Y. Oct. 6, 1998). "The fundamental requirement of the Due Process Clause is that an individual be given the opportunity to be heard at a meaningful time and in a meaningful manner." Patterson v. City of Utica, 370 F.3d 322, 336 (2d Cir. 2004) (internal quotation marks and citation omitted). Normally, the deprivation must "be preceded by notice and opportunity for hearing appropriate to the nature of the case." O'Connor v. Pierson, 426 F.3d 187, 197 (2d Cir. 2005). However, "[w]here a pre-deprivation hearing is impractical and a post-deprivation hearing is meaningful, the State satisfies its constitutional obligations by providing the latter." Giglio v. Dunn, 732 F.2d 1133, 1135 (2d Cir. 1984) (citing Parratt v. Taylor, 451 U.S. 527, 539, 101 S. Ct. 1908, 1915, 68 L. Ed. 2d 420 (1981)).

A tenured school teacher possesses "a protected property interest in [his] position which entitle[s him] to due process prior to removal" by a school district. Gipson v. Hempstead Union Free Sch. Dist., No. 09-CV-5466, 2010 WL 4942650, at *3 (E.D.N.Y. Nov. 18, 2010). Here, Plaintiff claims that Defendants deprived him of due process when they coerced his resignation and waiver of a pre-deprivation disciplinary hearing. However, it is well-settled that where a New York state employee resigns and later contends that his resignation was not voluntary, the lack of a hearing prior to the resignation does not deprive the employee of

17

procedural due process because New York has provided an opportunity for a post-deprivation hearing in the form of an Article 78 proceeding.  See Giglio, 732 F.2d at 1135.

In Giglio, a tenured high school teacher contended that his resignation was coerced and that he was denied due process because he did not receive a hearing prior to his resignation. Id. at 1134.  The Second Circuit rejected this claim finding that it would be impractical to conduct a pre-deprivation hearing, explaining that:

> A coerced resignation does not involve a showing of cause; it is simply the submission by an employee to pressure exerted by a superior.  For this reason, it is hard to visualize what sort of prior hearing the Constitution would require the employer to conduct. . . .  When an employee resigns, the only possible dispute is whether the resignation was voluntary or involuntary, and this cannot be determined in advance.

Id. at 1135.  The Second Circuit ultimately upheld the district court's dismissal of Plaintiff's claim because the teacher could have commenced an Article 78 proceeding, which "gave the employee a meaningful opportunity to challenge the voluntariness of his resignation."  Id. at 1135.

Many courts have subsequently applied Giglio's holding that the availability of an Article 78 proceeding satisfies procedural due process in a case where a New York state employee claims a coerced resignation.  See, e.g., Weslowski v. Zugibe, --

18

- F. Supp. 2d ----, 2014 WL 1612967, at *16-18 (S.D.N.Y. Mar. 31, 2014); Camhi v. Glen Cove City Sch. Dist., 920 F. Supp. 2d 306, 311-12 (E.D.N.Y. Jan. 7, 2013); Griffin v. City of N.Y., 880 F. Supp. 2d 384, 404-05 (E.D.N.Y. 2012); Fortunato v. Liebowitz, No. 10-CV-2681, 2012 WL 6628028, at *4-6 (S.D.N.Y. Dec. 20, 2012); Gipson, 2010 WL 4942650, at *4-5; Cronin v. St. Lawrence, No. 08-CV-6346, 2009 WL 2391861, at *6-7 (S.D.N.Y. Aug. 5, 2009); Mulcahey v. Mulrenan, No. 06-CV-4371, 2008 WL 110949, at *7 (S.D.N.Y. Jan. 3, 2008); Semorile v. City of N.Y., 407 F. Supp. 2d 579, 582-83 (S.D.N.Y. 2006); see also Hellenic Am. Neighborhood Action Comm. v. City of N.Y., 101 F.3d 877, 881 (2d Cir. 1996) ("An Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit."). Thus, it is quite clear that the availability of an Article 78 proceeding precludes Plaintiff's procedural due process claim and it is therefore DISMISSED WITH PREJUDICE.[7]

III. State Law Claims

Plaintiff also asserts New York state law claims for fraudulent inducement, defamation, and prima facie tort.

---

[7] As noted, Defendants have not moved to dismiss Plaintiff's underlying substantive due process claim, instead relying on the arguments that Plaintiff waived his constitutional rights and failed to state a claim for municipal liability, both of which the Court has rejected. It is not readily apparent to the Court whether or not Plaintiff has a viable, underlying substantive due process claim. This claim therefore remains.

Defendants argue, _inter alia_, that the state law claims should be dismissed because Plaintiff failed to serve a timely notice of claim as required by New York Education Law § 3813(1).[8]  The Court agrees with Defendants.

New York Education Law § 3813(2) "provides that any tort claim against a school district, board of education, or school district employee is subject to the notice of claim requirements set forth in New York General Municipal Law Sections 50-e and 50-i."  _Edwards v. Jericho Union Free Sch. Dist._, 904 F. Supp. 2d 294, 306 (E.D.N.Y. 2012) (citing N.Y. EDUC. LAW § 3813(2)).  Under New York General Municipal Law § 50-e, a plaintiff must, _inter alia_, serve a notice of claim within ninety days after the claim arises and plead that it has been served.  _Smith v. N.Y. City Dep't of Educ._, 808 F. Supp. 2d 569, 578 (S.D.N.Y. 2011).

Although Plaintiff's Complaint fails to allege compliance with the notice of claim requirements, the parties do

---

[8] Defendants claim that failure to comply with the notice of claim requirements requires dismissal for lack of subject matter jurisdiction.  This is not accurate; failure to comply with these requirements requires dismissal for failure to state a claim under Rule 12(b)(6).  _See_ _Humphrey v. Cnty. of Nassau_, No. 06-CV-3682, 2009 WL 875534, at *20 (E.D.N.Y. Mar. 30, 2009) ("'Notice of claim requirements are construed strictly by New York state courts. Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action.'") (quoting _Hardy v. N.Y. City Health & Hosps. Corp._, 164 F.3d 789, 793-94 (2d Cir. 1999)).

not dispute that Plaintiff served his notice of claim on June 18, 2013. Defendants argue that the notice of claim is not timely because the Complaint "is devoid of any allegations of tortious conduct or claims that arose after March 18, 2013," the only time period for which Plaintiff's notice of claim would be timely. (Defs.' Br. at 18.) Plaintiff inexplicably argues that the notice of claim is timely because employees of the Valley Stream School District allegedly defamed Plaintiff sometime in January of 2013. (Pl.'s Br. at 19.) This, Plaintiff contends, constitutes a continuing violation that brings Defendants' conduct within ninety-day period immediately prior to service of the notice of claim. However, even if the continuing violation doctrine applied here, conduct in January of 2013 still took place more than ninety days before Plaintiff served the notice of claim. The notice of claim is therefore untimely with respect to the state law claims, each of which arose more than ninety days before service of the notice of claim.

Recognizing that the notice of claim is not timely, Plaintiff cross-moves for leave to file a late notice of claim. Pl.'s Br. at 19-25.) Under New York General Municipal Law § 50-e(5), a plaintiff may seek leave to file a late notice of claim. N.Y. GEN. MUN. LAW § 50-e(5). However, this Court does not have jurisdiction to entertain such an application. New York General Municipal Law § 50-e(7) states that "[a]ll applications under

21

[§ 50-e] shall be made to the supreme court or to the county court." N.Y. GEN. MUN. LAW § 50-e(7). Although "[t]he Second Circuit has not definitively ruled on whether a federal district court may grant a request to extend time to serve the notice of claim," Jackson v. City of N.Y., --- F. Supp. 2d ----, 2014 WL 1010785, at *13 (E.D.N.Y. Mar. 17, 2014) (internal quotation marks and citations omitted), "the overwhelming weight of authority among district courts in the Second Circuit . . . finds that Section 50-e(7) permits only certain state courts . . . to consider and to grant an application for an extension of time in this context," Humphrey v. Cnty. of Nassau, No. 06-CV-3682, 2009 WL 875534, at *21 (E.D.N.Y. Mar. 30, 2009) (collecting cases). Therefore, this Court lacks jurisdiction to grant Plaintiff leave to file a late notice of claim.

However, even if this Court had jurisdiction to entertain Plaintiff's application to file a late notice of claim, the application would not be successful because it is untimely. An application for leave to file a late notice of claim must be made within one year and ninety days after the cause of action has accrued. Brown v. Metro. Transp. Auth., 717 F. Supp. 257, 259 (S.D.N.Y. 1989) (citing Pierson v. City of N.Y., 56 N.Y.2d 950, 954, 439 N.E.2d 331, 332, 453 N.Y.S.2d 615 (1982) (interpreting § 50-e(5)). According to Plaintiff, the last act giving rise to any of his state law claims occurred in January of 2013. As far as

the Court can tell, Plaintiff has not applied to file a late notice of claim in state court, and any such application made now would be untimely because more than one year and ninety days has passed since Plaintiff's claims arose. See Nieves v. N.Y. City Hous. Auth., 96 A.D.3d 621, 621, 946 N.Y.S.2d 859, 859-60 (1st Dep't 2012) (holding that plaintiff's "failure to seek a court order excusing . . . lateness [of her notice of claim] within one year and 90 days after the date of the accident requires dismissal of the action" (citing McGarty v. City of N.Y., 44 A.D.3d 447, 448, 843 N.Y.S.2d 287 (1st Dep't 2007); N.Y. GEN. MUN. LAW §§ 50-e(5), 50-i(1)(c)). Accordingly, Plaintiff's state law claims are DISMISSED WITH PREJUDICE.[9]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART and Plaintiff's cross-motion to file a late notice of claim is DENIED. Plaintiff's procedural due process and state law claims are DISMISSED WITH PREJUDICE. Plaintiff's substantive due process claim remains.

Additionally, the Court will direct the Clerk of the Court to unseal Docket Entry 25 in its entirety unless either party presents compelling reasons for these documents remaining under

---

[9] Because Plaintiff's failure to file a timely notice of claim requires dismissal of the state law claims as a matter of law, the Court need not address Defendants' remaining grounds for dismissal of the claims.

seal.  If the parties wish to submit briefing on this issue, they must do so within seven (7) days of the entry of this Memorandum and Order.

                              SO ORDERED.


                              /s/ JOANNA SEYBERT_____
                              Joanna Seybert, U.S.D.J.

Dated:      August __25__, 2014
            Central Islip, NY